**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
DONALD A. STERN
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD

ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

Writer's Direct Dial: +1 (212) 225-2790
E-Mail: ldassin@cgsh.com

April 4, 2014

<u>VIA ECF</u>

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:   <u>TreeHouse Foods, Inc. v. Green Mountain Coffee Roasters, Inc.</u>, No. 14 Civ. 905 (VSB) (S.D.N.Y.); <u>Hoyer v. Green Mountain Coffee Roasters, Inc.</u>, No. 14 Civ. 1609 (VSB) (S.D.N.Y.); <u>Ney Silverman Ins. Assocs., LLC v. Keurig Green Mountain, Inc.</u>, No. 14 Civ. 1671 (VSB) (S.D.N.Y.); <u>Rocker v. Green Mountain Keurig, Inc.</u>, No. 14 Civ. 1716 (VSB) (S.D.N.Y.); and <u>Constantino v. Keurig Green Mountain, Inc.</u>, No. 14 Civ. 1836 (VSB) (S.D.N.Y.)

Dear Judge Broderick:

    I write on behalf of defendant Keurig Green Mountain, Inc. ("Keurig") to update the Court about a number of developments since my last letter to the Court, dated March 20, and to respectfully request that the Court adjourn the conference currently scheduled for May 1 and stay proceedings in the actions assigned to Your Honor until after the Judicial Panel on Multidistrict Litigation ("JPML") issues its decision on the pending motion to transfer.

    As of March 20, plaintiff in one of the putative class actions filed a motion with the JPML seeking to transfer the above-captioned actions, as well as other, similar actions pending in this district and other district courts, to a single jurisdiction for coordinated and/or consolidated pre-trial proceedings. Since then, several new related actions have been filed across the country. In one related action, in the Eastern District of California, Keurig has moved to stay proceedings until the JPML issues its decision on the motion for transfer. And just yesterday, the plaintiff who sought MDL transfer of the related actions wrote this Court requesting a pre-motion conference on its proposed motion to consolidate the related actions in this district pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. In light of the motion for transfer currently pending before the JPML, and the many motions and requests pending before this Court that will be resolved by

Hon. Vernon S. Broderick
Page 2

the JPML's ruling on the motion to transfer, Keurig respectfully submits that it would be appropriate to stay the TreeHouse action and any related cases pending a decision by the JPML.

There has been rapid expansion of litigation in this district alone. The first of the above-captioned actions, TreeHouse, was filed on February 11, 2014. By letter dated March 10, 2014, Keurig informed the Court of its intention to move to dismiss the TreeHouse complaint, and the Court scheduled a pre-motion conference, which was adjourned at the request of the parties in the TreeHouse action until May 1. The parties in the TreeHouse action then submitted letters regarding whether the Court would hold a separate pre-trial conference on the originally scheduled date, May 8. By order dated March 28, 2014 (the "Order") the Court directed "the parties in all actions related to 14-CV-905—i.e., 14-CV-1609, 14-CV-1671, 14-CV-1716 and 14-CV-1836—to appear at the conference scheduled for May 1, 2014 to address Defendants' proposed motion to dismiss and to discuss the coordination among the related actions." (ECF No. 31.)

In addition to the five actions subject to the March 28 Order, there are now four additional actions pending in this district and five additional actions pending in other districts throughout the country, all of which contain nearly identical factual and legal allegations concerning Keurig's business relationships and innovation:

(1) JBR, Inc. v. Keurig Green Mountain, Inc., No. 14 Civ. 677 (KJM) (E.D. Cal.) (filed Mar. 13, 2014);

(2) Major v. Keurig Green Mountain, Inc., No. 14 Civ. 348 (SLR) (D. Del.) (filed Mar. 19, 2014);

(3) Rizzo v. Keurig Green Mountain, Inc., No. 14 Civ. 11030 (RAZ) (D. Mass.) (filed Mar. 19, 2014);

(4) Cusimano Carstar Collision, Inc. v. Keurig Green Mountain, Inc., No. 14 Civ. 1963 (VSB) (S.D.N.Y.) (filed Mar. 20, 2014)

(5) Schroeder v. Keurig Green Mountain, Inc., No. 14 Civ. 678 (DMS) (S.D. Cal.) (filed Mar. 25, 2014);

(6) Gray v. Keurig Green Mountain, Inc., No. 14 Civ. 696 (WQH) (S.D. Cal.) (filed Mar. 26, 2014);

(7) Rosenthal v. Keurig Green Mountain, Inc., No. 14 Civ. 2219 (S.D.N.Y.) (filed Mar. 28, 2014) (unassigned, but referred to Your Honor as related to the TreeHouse action);

(8) Rosen v. Keurig Green Mountain, Inc., No. 14 Civ. 2255 (VSB) (S.D.N.Y.) (filed April 1, 2014); and

(9) Springer v. Keurig Green Mountain, Inc., No. 14 Civ. 2267 (VSB) (S.D.N.Y.) (filed April 1, 2014)

As noted above, on March 20, the plaintiff in the Ney Silverman case pending before Your Honor filed a motion before the JPML requesting that the actions filed as of that date be transferred to this district pursuant to 28 U.S.C. § 1407. Mot. for Transfer at 1, In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., MDL No. 2542 (J.P.M.L. Mar. 20, 2014) (ECF No. 1). On April 10, Keurig will file a response brief with the JPML agreeing that the JPML should transfer all of the actions listed above, as well as the actions filed after that date and any tag-along actions that may subsequently be filed, to a single jurisdiction for coordinated and/or consolidated pre-trial proceedings. The common factual and legal issues underlying the allegations in all fourteen of the pending complaints make it highly likely that the JPML will transfer the cases to a single district. See In re Loestrin 24 Fe Antitrust Litig., MDL No. 2472, 2013 WL 5505369, at *1 (J.P.M.L. Oct. 2, 2013) (granting transfer of six actions with shared factual questions). We expect

that the JPML will hear oral argument on the motion at one of its next two hearings, which will be held on May 29 and July 31, respectively.

      In light of recent developments in this litigation both in this district and nationwide, I respectfully request that the Court adjourn the May 1 conference and stay proceedings in the above-captioned actions, as well as in any related actions subsequently assigned to Your Honor, until after the JPML issues its decision on the motion to transfer.  For precisely these reasons, Keurig moved on April 2, 2014 to stay all proceedings in JBR, Inc. v. Keurig Green Mountain, Inc., No. 14 Civ. 677 (E.D. Cal.), pending the likely transfer of that action to another district pursuant to 28 U.S.C. § 1407.

      This Court has broad discretion to stay litigation while a motion for MDL transfer is pending.  See, e.g., Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML.").  The Court also has the power to stay litigation sua sponte.  See Sandata Techs., Inc. v. Infocrossing, Inc., No. 05 Civ. 9546, 2007 WL 4105553, at *3 (S.D.N.Y. Nov. 14, 2007) (issuing sua sponte stay of "all proceedings" in second of two duplicative actions).  To the extent that the Court does not stay the actions sua sponte, Keurig asks that this letter serve as its pre-motion letter, in accordance with Rule 4(A) of Your Honor's Individual Rules & Practices, for a motion to stay the above-captioned cases, and any related cases subsequently assigned to Your Honor, pending a decision by the JPML.  If necessary, the Court could hear oral argument on Keurig's motion to stay on May 1, in advance of which the motion could be briefed on an expedited schedule.

      If the Court wishes to proceed with a May 1 conference on matters other than a stay, Keurig respectfully requests that the Court clarify that the May 1 conference will be limited in scope to the two topics denoted in the Order—(1) Keurig's proposed motion to dismiss and (2) the coordination among the related actions—and will not be a full pre-trial conference necessitating that the parties meet and confer in advance in accordance with Fed. R. Civ. P. 16(b) and 26(f) and Rule 1.A of the Pilot Project.  Since the Order was issued, counsel for TreeHouse has contacted my law firm seeking to meet and confer in accordance with Fed. R. Civ. P. 26(f) about a discovery plan, as has counsel for plaintiffs in the Rocker and Rosenthal actions.  We have spoken with counsel in these actions about the requests detailed in this letter.  Counsel for Rocker and Rosenthal do not consent to Keurig's requests at this time, but they are working with us to negotiate a stipulation and otherwise facilitate efficient case management.  TreeHouse has refused to consent to any of the requests detailed in this letter.  However, in light of the pending MDL motion for transfer, Keurig believes that a full pre-trial conference would be premature, and topics such as a discovery plan would be impractical to discuss with the plaintiffs in only three of the fourteen pending actions, given the high likelihood that these cases will ultimately be coordinated and/or consolidated for discovery and other pre-trial purposes.  Accordingly, Keurig requests in the alternative that the Court issue an order to clarify the limited scope of the May 1 conference.

      Very truly yours,

      /s/ Lev Dassin
      Lev Dassin

cc: All counsel of record in all actions related to No. 14 Civ. 905