

North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**DAN K. WEBB**
Partner
(312) 558-5856
dwebb@winston.com

April 9, 2013

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *TreeHouse Foods, Inc., et al. v. Green Mountain Coffee Roasters, Inc., et al*., 1:14-cv-905-VSB

Dear Judge Broderick:

      We write on behalf of Plaintiffs to oppose Defendant's *second* request to postpone the initial pretrial conference until the Judicial Panel on Multidistrict Litigation ("JPML") issues a decision on the motion requesting consolidation of related class actions and coordination with Plaintiffs here.  *See* ECF Nos. 29, 34; *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.* ("*In re KGM*"), MDL No. 2542, Docs. 1, 1-1 (J.P.M.L. Mar. 20, 2014).  After Plaintiffs had already informed the Court of the pending JPML motion, the Court denied Defendant's first request to delay the May 8, 2014 initial pretrial conference and instead combined it with the pre-motion conference scheduled for May 1, 2014.  *See* ECF Nos. 29-31.  Notwithstanding this Court's Order and governing rules, Defendant has ignored Plaintiffs' requests to schedule a 26(f) conference and now additionally seeks a stay of this action and all discovery.  ECF No. 34.

      A stay of this litigation and discovery during the pendency of the § 1407 motion would be inappropriate under the JPML rules, the rules governing the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project"), and the case law.  First, the JPML rules state that "[t]he pendency of a motion … before the Panel pursuant to 28 U.S.C. § 1407 does ***not*** affect or suspend orders and pretrial proceedings in any pending federal district court action."  Rule 2.1(d) (emphasis added).  This rule applies with equal force to Defendant's discovery obligations.  *In re Air Crash Disaster at Paris, France*, 376 F. Supp. 887, 888 (J.P.M.L. 1974) (The "mere pendency of a motion before the Panel does not affect or suspend orders *and discovery proceedings* in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision.") (emphasis added).  Thus, the Court should not stay discovery simply because a motion is pending before the JPML.  *See id.*; Manual For Complex Litigation (Fourth) § 20.131 ("The transferor court should not automatically stay discovery….").  Second, the Pilot Project rules likewise encourage discovery to proceed even during consideration of a motion to dismiss.  *See* Pilot Program Standing Order, Rule II.A at 4 ("[F]ollowing service of a motion to dismiss … , discovery of documents, electronically stored information and tangible things may proceed pursuant to Rule 34 ….").  Given that the Pilot Project Rules only provide for possible stays of *non-documentary* discovery "following service of a motion to dismiss pursuant to



North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

Rule 12(b)(6)," requesting a stay here of *all discovery* where the Court has not yet even ruled on the propriety of such a motion is premature. *Id.* Third, this Court provides that a stay of discovery "should not be granted routinely." *In re Chase Manhattan Corp. Sec. Litig.* ("*Chase*"), 90 CIV. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991); *see also Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[T]he issuance of a stay is not mandated by rule or decision," "should not be routinely" granted, and the Court "must consider … case specific factors."). Nor should the Court grant Defendant's request to stay discovery even if a motion to dismiss is permitted — particularly where, as here, Defendant has failed to articulate any prejudice it would suffer by fulfilling its obligations under the Federal Rules. *See Chase*, 1991 WL 79432, at *1 ("Had the Federal Rules contemplated that a motion to dismiss … would stay discovery, they would contain such a provision.") (citation omitted); *Moran*, 1992 WL 276913, at *1-2 (same).[1]

Defendant is trying a second bite at the apple. Defendant's last letter brief already sought to adjourn the initial pretrial conference based on the JPML proceedings. After considering Plaintiffs' response, ECF No. 30, the Court chose *not* to postpone the initial pretrial conference date, instead moving it up one week to May 1 and ordering that the parties in all related cases should then be prepared to discuss coordination. *See* ECF No. 31. Indeed, this Court has now set another agenda item for May 1, granting the Silverman class plaintiff's request for a pre-motion conference on class consolidation and class counsel issues. *See Ney Silverman Ins. Assocs. LLC v. Keurig Green Mountain, Inc., et al.*, 1:14-cv-01671-VSB, ECF No. 11 (Apr. 4, 2014). There is nothing new that necessitates adjournment of the conference now. The fact that new related actions have been filed is beside the point given Defendant's concession that the actions filed after the March 28 order, ECF No. 31, present no novel issues and are *all* in this district. *See* ECF No. 34. The majority of cases filed to date are *still* before this Court. *See id.* And Plaintiffs' response to Defendant's earlier letter brief directly addressed the § 1407 motion that *had already been filed* at that time. *See* ECF No. 34 at 1-2; ECF No. 29 at 2; ECF No. 30 at 1.

Defendant's latest request for adjournment is simply another attempt to delay compliance with its discovery obligations. While Plaintiffs have tried to usher the litigation forward for almost two months, Defendant has consistently attempted to foil the Court's and Plaintiffs' attempts to proceed without delay. Defendant has failed to respond to Plaintiffs' two written requests that Defendant participate in the required 26(f) conference.[2] In fact, on the very date Plaintiffs made their second request for the 26(f) conference, Defendant ignored that request and instead filed its current letter brief seeking further delay. *See* ECF No. 34. Conspicuously absent from such brief is any articulation of why participation in the required 26(f) conference will cause Defendant any prejudice.

---

[1] *Royal Park*, cited by Defendant, is inapposite because it was rendered in the context of a motion for a stay in New York where the JPML had, two years earlier, centralized related cases in California and had already issued a conditional order transferring the New York cases to the same California MDL court. *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013). Here, of course, there is no JPML order whatsoever.

[2] The 26(f) conference must occur "as soon as practicable — and in any event at least 21 days before a scheduling conference," which would be this Thursday, April 10. Fed. R. Civ. P. Rule 26(f)(1); *see* ECF No. 31; Pilot Program Standing Order, Ex. B, (3) at 19 ("Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference … .").



North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

The fact that there are class actions that may raise what Defendant calls "common factual and legal issues" with this action does not entitle Defendant to a stay of discovery. As one of the class plaintiffs acknowledges in its § 1407 motion, this competitor action should not be consolidated with any class case. *See* ECF No. 34 at 2; *In re KGM*, ECF No. 1-1 at 2, ECF No. 1 at 2 n.1 ("[T]ransfer of the Competitor Actions to a single district for coordination, not consolidation, of pretrial proceedings with the Class Actions is most appropriate."); *see also Ney Silverman Ins. Assocs. LLC*, ECF No. 10 at 2 (Apr. 3, 2014). Lengthy class action procedures and discovery do not apply to individual, competitor actions,[3] and the claims, factual issues,[4] and nature of the relief[5] are substantially different. As such, Defendant's reliance on *Loestrin* misses the mark, as *Loestrin* acknowledges that "[a]ll of the actions [in *Loestrin*] are putative nationwide class actions," unlike the situation at hand. *In re Loestrin 24 Fe Antitrust Litig.*, MDL No. 2472, 2013 WL 5505369, at *1 (J.P.M.L. Oct. 2, 2013); *see* ECF No. 34 at 2.

Staying this time-sensitive litigation would unduly prejudice Plaintiffs. As detailed in the Complaint, Defendant has been actively confronting Plaintiffs' customers with its anticompetitive plan to take business away from Plaintiffs and then seeking to restrict Plaintiffs' ability to compete for these customers in the future by entering into long-term, exclusive dealing contracts. *See* Compl., ECF No. 1 ¶ 286. Defendant has publicly announced plans to commit additional unlawful acts this fall by installing lock-out technology in its brewers to prevent Plaintiffs' cup products from competing with Defendant's K-Cups. *See id.* ¶¶ 237-85. These circumstances are all the more reason why the action should "proceed without delay" and not be stayed. *See SEC v. Roxford*, No. 07 Civ. 6146, 2007 WL 2600854, at *3 (S.D.N.Y. Sept. 5, 2007); *see* ECF No. 30 at 1-2 (discussing allegations of continuing and impending violations and requests for injunctive relief). It would be counterintuitive, unjust, and inefficient to forestall Plaintiffs' ability to obtain discovery supporting the injunctive relief needed to protect Plaintiffs' business and to obtain the free and fair competition guaranteed by the antitrust laws.

Therefore, Plaintiffs respectfully request that the Court not adjourn the May 1 conference, decline Defendant's suggestion of a stay of the litigation, and instead order Defendant to participate in a 26(f) conference within one week of the Court's Order.

                                                        Respectfully submitted,
By: /s/ Dan K. Webb
Dan K. Webb
Aldo A. Badini

cc:  All Counsel of record

---

[3] *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM (BLM), 2011 WL 3475380, at *2 (S.D. Cal. Apr. 8, 2011) (Class action proceedings "do not pertain to [individual actions]," and, hence, the "individual action[s] [should not] be[] subjected to" them.).

[4] *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 746 F. Supp. 2d 1359, 1360-61 (J.P.M.L. 2010) ("While these [individual] actions may share some questions of fact with the putative class actions, they will focus to a large extent on individual issues of fact that are unique to each plaintiff's interactions with [defendant].").

[5] Whereas class purchaser plaintiffs can be made whole by monetary damages, further delay in this action would irreparably harm Plaintiffs' business. *See In re Light Cigarettes Mktg. & Sales Practices*, 652 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2009) (case seeking equitable relief not included in centralized proceeding where other cases sought monetary damages).