

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
212-294-4601
ABadini@winston.com

July 6, 2016

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542: Request for a Pre-Motion Conference Regarding a Lift of the Stay of Discovery

Dear Judge Broderick:

I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") to request a pre-motion conference pursuant to Rule 4(A) of your Honor's Individual Rules & Practices on a proposed motion to lift the stay of discovery.  Plaintiff JBR, Inc. (d/b/a Rogers Family Company) and the Direct and Indirect Purchaser Plaintiffs also join TreeHouse (collectively, "Plaintiffs") in this Request.

In June 2014, this Court issued a complete stay of discovery in this matter.  As a result of the stay, no Plaintiff has conducted any discovery-related activities since TreeHouse filed its initial Complaint on February 11, 2014, beyond the limited expedited discovery this Court allowed in connection with the preliminary injunction motion of JBR, Inc. in 2014 and the service of preservation notices on certain third parties as ordered by the Court in January 2015.  Plaintiffs have become aware of a number of factual developments likely to prejudice their ability to prosecute this action in the event the stay of discovery is permitted to continue and some or all of Plaintiffs' claims survive the pending motions to dismiss.  Plaintiffs thus believe that vacating the current discovery stay is warranted.

In the two years since discovery has been stayed in this action, various factual developments relating to Defendant Keurig Green Mountain ("KGM") suggest that continuing the stay will likely prejudice Plaintiffs,  including the following:

- In March 2016,  KGM completed a transaction whereby it was acquired by JAB Holding Company, a privately held Luxembourg-based company said to run "the biggest pure-play coffee company" and is "building a coffee … empire."[1]

---

[1] *See* Rachel Butt, *The investor that's buying Krispy Kreme is building a coffee and bagel empire*, BUSINESS INSIDER (May 9, 2016), http://www.businessinsider.com/jab-holding-building-a-coffee-and-bagel-empire-2016-5.



- As a result of this transaction, KGM was delisted from the New York Stock Exchange and is thus no longer obligated to provide certain information to the public, significantly limiting Plaintiffs' ability to monitor KGM's activities in the absence of formal discovery.

- The acquisition has led to KGM implementing significant changes in the composition of its leadership and management, including the removal of its CEO in May 2016 and the departure, before that, of KGM's previous 30(b)(6) deponent David Manly, who most recently was the Senior Vice President of Core Systems Innovation at KGM.  In that role, Mr. Manly was responsible for KGM's hot beverage platforms, including marketing for the 2.0 brewer.  Mr. Manly was the leader of the Keurig 2.0 Team, supervising KGM employees that dealt with all aspects of the 2.0 Brewer, including its development and launch.  It appears that Mr. Manly is no longer associated with KGM; indeed, notwithstanding KGM's 30(b)(6) position that their exclusionary conduct was necessary for safety reasons, such as the possibility that consumers would put cannabis in pods and brewers, Mr. Manly is now Chairman of CannaKorp, which sells brewers designed to vaporize pods of cannabis and has been referred to as the "Keurig of Marijuana."[2]

- Also joining CannaKorp as its Chief Technology Officer in or around December 2015 is Ian Tinkler, formerly the Vice President of Research and Development at KGM.

- Dave Sachs, the former Vice President of Global Coffee & Specialty Beverages—the leader of a self-described $3.5 billion line of business, including Green Mountain and other brands— left KGM in or around September 2015.  Mr. Sachs was formerly the Vice President and General Manager of Hot Systems—managing KGM's $1 billion hot brewing system platform, including marketing, strategy, R&D, supply chain, finance, sales, engineering, quality, and human resources.  Prior to that, Mr. Sachs served as the Vice President of Brand Management & Innovation, in which he was responsible for leading brand management, innovation, market research, and consumer promotions for KGM's then-estimated $2 billion beverages business unit.

- Other key KGM employees, including Rosemary Lemay Huebner, who Plaintiffs believe had significant responsibilities for the Keurig 2.0 Brewer launch, have also left KGM.

- News reports indicate that KGM has laid off up to 200 other employees in 2015 and up to another 130 employees in 2016 in connection with the discontinuation of Keurig KOLD®, some of whom may very well have been involved with the Keurig 2.0 Brewer.[3]

---

[2] *See* Julie Weed, *The Keurig of Marijuana? CannaKorp Banks on Pods Filled With Pot*, FORBES (May 28, 2016), http://www.forbes.com/sites/julieweed/2016/05/28/the-keurig-of-marijuana-cannakorp-banks-on-a-vaporizer-and-pods-filled-with-pot/#42e9d33243e9.

[3] *See* Brad Evans & Stewart Ledbetter, *Keurig Green Mountain plans 200 Vermont layoffs in coming week* (Aug. 7, 2015), http://www.wptz.com/news/keurig-green-mountain-to-layoff-200-vermont-workers-after-poor-earnings/34576894; *see also Keurig Kold Machines Are History, Along With 130 Jobs*, HUFFINGTON POST (June 7, 2016), http://www.huffingtonpost.ca/2016/06/07/keurig-kold-layoffs-job-cuts_n_10341052.html.



In addition to the developments relating to KGM's corporate structure and departing executives, Plaintiffs have a reasonable basis to fear the dissipation and possible spoliation of other third-party evidence should the stay remain in place. As just one example, in or about March 2016, the Green Mountain Coffee Roasters section of Proboards.com, apparently a third-party online forum for individuals interested in discussing KGM, was taken offline and is no longer publicly accessible. When this forum was active, various individuals who appear to be KGM investors and/or potentially KGM employees posted content referencing the "anti-competitive" actions of KGM with respect to the 2.0 Brewer, non-licensee brands and companies "dwindl[ing] away as [KGM] creates its pseudo competitive landscape," and the existence of a monopoly by KGM. Because of the discovery stay, Plaintiffs have been unable to ensure that a full copy of the forum and these posts are preserved.

This Court's broad discretion in granting an initial stay of discovery applies equally to any decision to lift a stay once imposed. *See Distribuidora De Discos Karen C. Por A. v. Universal Music Grp., Inc.*, No. 13-CV-7706 (JPO), 2015 WL 4041993, at *4 (S.D.N.Y. July 2, 2015). Indeed, when a stay extends beyond a "short" period of time and when the plaintiff will suffer prejudice from its continued application, a stay may no longer be appropriate, even where a motion to dismiss is still pending. *See In re Towers Fin. Corp. Noteholders Litig.*, No 93 CIV. 0810 (WK) (AJP), 1996 WL 622386, at *2 (S.D.N.Y. Jan. 29, 1996) (finding that a continued stay would be "unfair" to plaintiffs where document discovery was allowed but a stay of deposition discovery had been in place for two years while motions to dismiss were pending).

A change in factual circumstances during the stay may support a showing of prejudice in favor of allowing discovery to proceed. *See Digital Software Servs., Inc. v. Entm't Programs, Inc.*, No. 2:09 CIV. 02763 (TLN), 2014 WL 5816929, at *3 (E.D. Cal. Nov. 7, 2014) (lifting a stay is warranted where "circumstances have changed such that the court's reasons for [initially] imposing the stay no longer exist or are [now] inappropriate."); *see also In re Bank of Am. Corp. Sec., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (lifting discovery stay while a motion to dismiss was pending despite automatic stay under the PSLRA where facts suggested a "rapidly shifting landscape") (internal citations omitted). Due to workforce turnover, for example, KGM "may lose [its] ability to compel deposition and trial testimony from employees who leave the compan[y]." *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09 CIV. 0344 (BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009). Even in the absence of departing employees or other major changes in a company's corporate structure, courts acknowledge that current employees' memories inevitably "fad[e] with time." *Mirra v. Jordan*, No. 15 CIV. 4100 (AT) (KNF), 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (denying motion to stay discovery); *see also In re Gupta Sec. Litig.*, No. 94-1517 FMS (FSL), 1994 WL 675209, at *4 (N.D. Cal. Sept. 24, 1994) (lifting discovery stay where plaintiffs would be prejudiced by "the passage of time – witnesses will forget, documents will be misplaced, electronic information will grow more difficult and expensive to retrieve").

In light of the above changed circumstances, Plaintiffs respectfully request that the Court convene a pre-motion conference to schedule briefing on their proposed motion to lift the stay of discovery.



July 6, 2016
Page 4

Respectfully submitted,

By:    /s/ Aldo A. Badini

Aldo A. Badini
Susannah P. Torpey
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com
storpey@winston.com

*Attorneys for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

Daniel Johnson, Jr.
**Dan Johnson Law Group**
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
415-604-4442
dan@danjohnsonlawgroup.com

*Attorneys for Plaintiff JBR, Inc.*

Michael M. Buchman
**Motley Rice LLC**
600 Third Avenue, 21st Floor
New York, NY 10016
212-577-0050
mbuchman@motleyrice.com

Bernard Persky
**Robins Kaplan LLP**
601 Lexington Avenue, Ste 3400
New York, NY 10022
212-980-7400
bpersky@robinskaplan.com

Robert G. Eisler
**Grant & Eisenhofer P.A.**
485 Lexington Avenue
New York, NY 10017



July 6, 2016
Page 5

646-722-8537
reisler@gelaw.com

*Attorneys for Direct Purchaser Plaintiffs*

Fred T. Isquith, Sr.
Thomas H. Burt
**Wolf Haldenstein Adler Freeman & Herz LLP**
270 Madison Avenue
New York, NY 10016
212-545-4600
isquith@whafh.com
burt@whafh.com

Robert N. Kaplan
Richard Kilsheimer
**Kaplan Fox & Kilsheimer LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980
rkaplan@kaplanfox.com
rkilsheimer@kaplanfox.com

Bruce L. Simon
**Pearson Simon Warshaw & Penny, LLP**
44 Montgomery Street
Suite 2450
San Francisco, CA 94104
(415) 433-9000
bsimon@pswlaw.com

*Attorneys for Indirect Purchaser Plaintiffs*