USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN RE: KEURIG GREEN MOUNTAIN : 14 MD 2542 (VSB)(HBP)
SINGLE SERVE COFFEE ANTITRUST
LITIGATION : OPINION
AND ORDER
------------------------------------X

PITMAN, United States Magistrate Judge:

I write to resolve the parties' dispute concerning the extent to which a party can use the contents of a putatively privileged document that was inadvertently produced to challenge the producing party's assertion of privilege. For the reasons set forth below, I conclude that the receiving party can use the contents of such documents in resolving the privilege issue at least to the extent the receiving party had knowledge of the contents of the document before the assertion of privilege.

In January of this year, I approved a stipulated protective order in this matter. Paragraph 22 of that Order provides, in pertinent part:

> 22. Pursuant to Rule 502(d) of the Federal rules of Evidence, the inadvertent disclosure of documents, ESI, testimony, information and/or other things that are protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product or any other applicable privilege, protection, or immunity in this or any other Federal or State proceeding for the inadvertently produced document or specific material or information disclosed, or any other document, material, or information covering the same or a similar or related subject

>matter. . . . If a party has inadvertently or mistakenly produced Privileged Material, and if the party makes a written request for the return, pursuant to this paragraph, of any Privileged Material (including any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced Privileged Material) then in the custody of another party or non-party, the possessing person or entity shall either sequester the Privileged Material and all copies thereof, or return the Privileged Material within ten (10) business days, and the receiving party will also make no use of the information contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the receiving party disputes the claim of privilege. . . . If the receiving party disputes the assertion of privilege, the receiving party may move the Court for an Order compelling the production of the material. The burden of showing that the material is privileged and that its production was inadvertent shall be determined under applicable law, including Federal Rule of Evidence 502. The receiving party may not use the Privileged Material or any other document or material information reflecting the contents of the Privileged Material for any purpose whatsoever other than moving the Court for an order compelling production of the Privileged Material until the Court has determined that the material is not privileged. . . .

(Stipulated Amended Protected Order, dated Jan. 11, 2019 (Docket Item ("D.I.") 470) ("Protective Order") ¶ 22).

Defendant contends that the foregoing language, particularly the sentence "[i]f a party has inadvertently or mistakenly produced Privileged Material, and if the party makes a written request for the return, . . . the receiving party will also make no use of the information contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the receiving party disputes the claim of privilege," prohibits the receiving party from using the contents of the inadvertently

2

produced material to challenge the assertion of a privilege. Plaintiffs claim that the sentence "[t]he receiving party may not use the Privileged Material . . . for any purpose whatsoever other than moving the Court for an order compelling production of the Privileged Material until the Court has determined that the material is not privileged," takes priority over the more general language cited by defendant and permits a receiving party to use the contents of inadvertently produced material for the limited purpose of challenging the assertion of the privilege.

The parties cite no authority in support of their respective positions, and my own research has disclosed only two cases addressing the issue, both authored by the late Honorable Robert W. Sweet, United States District Judge. In <u>American Express v. Accu-Weather, Inc.</u>, 91 Civ. 6485 (RWS), 92 Civ. 705 (RWS), 1996 WL 346388 (S.D.N.Y. June 25, 1996), plaintiff's counsel sent documents to plaintiff's counsel by Federal Express. On the day the package was delivered to Federal Express, plaintiff's counsel realized that he had inadvertently included privileged documents in the production. The next morning, before the package had been opened, plaintiff's counsel called defendant's counsel, advised that the package contained privileged documents that had been inadvertently included and directed defendant's counsel to refrain from opening the package and inspecting the contents. Despite the request from plaintiff's

3

counsel, defendant's counsel opened the package and inspected the contents.

Judge Sweet found that defendant's counsel's conduct constituted an ethical violation:

> The American Bar Association Formal Ethics Opinion 92-368 (the "Opinion") entitled Inadvertent Disclosure of Confidential Materials, November 10, 1992, addresses this precise issue and establishes that an attorney who
>
>> receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide by the instructions of the lawyer who sent them.
>
> ABA Formal Op. 92-368, p. 1. The Opinion reflects a strong confidentiality policy and maintains that any competing principles "pale in comparison to the importance of maintaining confidentiality." Id., p. 3.
>
> In an evaluation of competing principles, the Opinion acknowledges that protection of confidential materials may be useless once the materials are mistakenly sent. However, [the Opinion] point[s] out that this is not an issue when the receiving lawyer is aware of the mistake prior to reviewing the documents, as in this case.
>
> \* \* \*
>
> In light of this Opinion, and the important policy concerns it embodies, [defendant's counsel's] conduct constituted an ethical violation. [Plaintiff's counsel] explicitly stated that the package should not be opened and that document XX-173 was privileged. [Defendant's counsel] did not abide by Potter's instructions, and instead "g[a]ve[] in to temptation." According to the Opinion, they should have adhered to the instructions and not decided for themselves if the document warranted the attorney-client privilege.

1996 WL 346388 at *2.

4

In Stinson v. City of New York, 10 Civ. 4228, 2014 WL 5090031 (S.D.N.Y. Oct. 10, 2014), however, Judge Sweet concluded that the receiving party could use the contents of the putatively privileged documents to contest the assertion of privilege where the receiving party learned of the contents prior to the assertion of privilege.

> There have been instances in this district when parties who have reviewed inadvertently disclosed documents before claw back have relied on what they have learned prior to notification for purposes of challenging the asserted claim of privilege. For example, in Synergetics, the defendant had requested that plaintiff return thirty-five pages of documents because they had been inadvertently produced and were protected, inter alia, by attorney-client privilege. Synergetics, 2009 WL 2016795, at *1. The defendant filed a motion for return of the inadvertently produced documents. The plaintiff contested the issue of whether certain documents were protected by the attorney-client privilege and made direct reference to the purportedly privileged documents in its motion papers. See Synergetics, No. 08 Civ. 3669, Dkt. No. 82. Likewise in Graves v. Deutsche Bank Securities, Inc., No. 07 Civ. 5471, 2011 WL 721558 (S.D.N.Y. Feb.10, 2011), Magistrate [Judge Kevin] Fox allowed the objecting party to describe the contents of the purportedly privileged documents at issue. See Graves, No. 07 Civ. 5471, Dkt. No. 84.
>
> Additionally, the Association of the Bar of the City of New York has found that while lawyers are ethically bound to return or destroy inadvertently disclosed documents, the non-disclosing lawyer is not ethically barred from using information gleaned prior to knowing or having reason to know that the communication contains information not intended for the non-disclosing lawyer. See Assoc. for the Bar of the City of New York Formal Op. 2003-2004, 2003 WL 23789274, *7-*8 (limiting the use of information from challenged to documents to information learned "prior to knowing or having reason to know that the communicated was misdirected"). As such, while Plaintiffs must return re-

5

maining copies of the Documents, the Plaintiffs may
rely on any information learned prior to notification
of the inadvertent disclosure for the purposes of
litigating the privilege claim.

2014 WL 5090031 at *4.

Admittedly, neither <u>American Express</u> nor <u>Stinson</u> involved an agreement among the parties concerning the handling of inadvertently produced privileged material similar to the Protective Order in this matter. Nevertheless, given the tension between the sentences on which plaintiffs and defendants rely, the decisions are instructive.

In addition, plaintiffs' interpretation of the Protective Order is more consistent with the Federal Rules of Civil Procedure. Rule 26(b)(5)(B) provides that if a party receives notice that an adversary has inadvertently produced privileged information, the receiving party "may promptly present the information to the court under seal for a determination of the claim." The Advisory Committee Notes to this provision permit the receiving party "to use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility." 2006 Advisory Committee Notes to Rule 26. Because no law or rule of professional responsibility[1] prohibits

---

[1]The only obligation imposed by New York's Rules of Professional Conduct on an attorney who receives inadvertently produced privileged material is to notify the producing party.
(continued...)

6

a party from using inadvertently produced material to challenge the assertion of a privilege or other protection, it appears that the Federal Rules of Civil Procedure permit a party that receives an inadvertently produced privileged document to use the content of that document to challenge the assertion of privilege.

Accordingly, for all the foregoing reasons, I conclude that the Protective Order permits a party that receives, through inadvertence, a document or other information which the adverse party asserts is privileged, may, pending a determination of the claim of privilege, use the content of that document or information for the limited purpose of challenging the assertion of privilege to the extent that the receiving party learned of the contents of the document in issue prior to the producing party's assertion of privilege.

Dated: New York, New York
May 7, 2019

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

Hon. Barbara S. Jones
United States District Judge (retired)

---

[1](...continued)
N.Y. Rules of Prof. Conduct 4.4(b).