```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                              :
                                                    :
KEURIG GREEN MOUNTAIN SINGLE-                       :      14-MD-2542 (VSB)
SERVE COFFEE ANTITRUST                              :
LITIGATION                                          :      **OPINION & ORDER**
                                                    :
*This Document Relates to All Actions*              :
------------------------------------------------------------X

Appearances:

Daniel Johnson, Jr.
Dan Johnson Law Group
San Francisco, California

*Counsel for Plaintiff JBR, Inc.*

Aldo A. Badini
Susannah P. Torpey
Winston & Strawn LLP
New York, New York

Dan K. Webb
James F. Herbison
Winston & Strawn LLP
Chicago, Illinois

Diana L. Hughes
Winston & Strawn LLP
Los Angeles, California

*Counsel for Plaintiffs TreeHouse Foods, Inc.; Bay Valley Foods, LLC; and Sturm Foods, Inc.*

Michael M. Buchman
John A. Ioannou
Alex R. Straus
Motley Rice LLC
New York, New York

Kellie Lerner
Meegan Hollywood
Robins Kaplan LLP
New York, New York

*Counsel for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*

Fred T. Isquith
Thomas H. Burt
Michael Liskow
Wolf Haldenstein Adler Freeman & Herz LLP
New York, New York

*Interim Co-Lead and Liaison Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs*

Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Mario M. Choi
Matthew P. McCahill
Kaplan Fox & Kilsheimer LLP
New York, New York

Bruce L. Simon
Robert G. Retana
Aaron M. Sheanin
Pearson, Simon & Warshaw, LLP
San Francisco, California

*Interim Co-Lead Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs*

Lev Dassin
George S. Cary
Leah Brannon
Elaine Ewing
Cleary Gottlieb Steen & Hamilton LLP
New York, New York

Wendelynne Newton
Buchanan Ingersoll & Rooney PC
Pittsburgh, Pennsylvania

*Counsel for Defendant Keurig Green Mountain, Inc.*

VERNON S. BRODERICK, United States District Judge:

On April 24, 2019, the Indirect Purchaser Plaintiffs (the "IPPs") filed a notice of motion for reconsideration, in part, of my order dated April 3, 2019, and a declaration and memorandum of law in support thereof. (Doc. 582–84.) I am in receipt of the parties' letters dated April 25, 2019, and April 30, 2019, addressing the timeliness of the IPPs' motion for reconsideration. (Docs. 587–88, 592–93.) Because I find that the IPPs' motion for reconsideration fails on the merits, I need not reach the issue of the motion's timeliness. Accordingly, the IPPs' motion for reconsideration is DENIED.

I.      **Background and Procedural History**

On April 3, 2019, I signed the Opinion & Order on Defendant's motions to dismiss ("O&O"), and I sent a copy of the O&O to counsel for all parties that same day. (*See* Doc. 560.) The following day, I entered an order indicating that, because the O&O referred to materials that were filed under seal, I had not yet filed it on the public docket. (*Id.*) I instructed the parties to meet and confer regarding a timeline for the submission of any proposed redactions. (*Id.*) On April 8, 2019, the O&O was delivered to the Clerk to seal and place in the vault. (Doc. 567.) On April 16, 2019, the parties submitted a letter indicating that no party had proposed redactions to the O&O. (Doc. 572.) The same day, I instructed the Clerk of Court to unseal the O&O. (Doc. 574.) On April 22, 2019, the unredacted O&O, dated April 3, 2019, was filed on the public docket. (Doc. 581.)

On April 24, 2019, the IPPs filed a motion requesting that I reconsider certain parts of the O&O. (Docs. 582–84.) On April 25, 2019, Keurig filed a letter objecting to the motion for reconsideration as untimely. (Doc. 588.) The IPPs responded on the same day, asserting that the motion was timely. (Doc. 589.) Because neither party's letter included any legal authority, I

instructed each party to submit a letter providing support for their respective positions regarding timeliness. (Doc. 590.) The parties submitted their respective letters on April 30, 2019. (Docs. 592–93.)

## II. **Legal Standard**

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances. The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

4

### III. Discussion

#### A. *Timeliness*

Local Rule 6.3 provides that a motion for reconsideration shall be "served within fourteen (14) days after the entry of the Court's determination of the original motion." The IPPs filed their motion for reconsideration on April 24, 2019, twenty-one (21) days after I issued and sent my O&O to counsel for all parties, twenty (20) days after I filed an order on the docket indicating that the O&O had been provided to counsel for all parties and that it would remain under seal pending the parties' proposed redactions, (Doc. 560), and sixteen (16) days after the O&O was placed in the vault, (Doc. 567). Nonetheless, the IPPs urge me to accept their motion as timely because the O&O was not filed on the public docket until April 22, 2019. The IPPs rely on *Houston v. Greiner*, in which the Second Circuit stated that the "[e]ntry of judgment . . . is the act of recording in a docket maintained by the clerk of a court the fact that a judgment has been rendered." 174 F.3d 287, 288 (2d Cir. 1999) (internal quotation marks omitted). The IPPs ignore the fact that the circumstances before me are arguably distinguishable from the issue presented in *Houston* because they do not involve a final judgment, and Local Rule 6.3 distinguishes between a "Court's determination of [an] original motion" and a "court order resulting in a judgment." Even assuming, arguendo, that the O&O is analogous to a final judgment—which begs the question why Local Rule 6.3 makes the distinction between a determination of a motion and an order resulting in a judgment—the IPPs fail to explain how my April 4, 2019 order, which stated unambiguously that a copy of the O&O had been provided to the parties, did not record "the fact that a [determination of the original motion had] been rendered." *Houston*, 174 F.3d at 288. Although my O&O was not filed on the public docket until April 22, 2019, a copy of the entire, unredacted O&O was sent to the IPPs' counsel on

5

April 3, 2019, the same day I signed it. The IPPs cannot credibly claim that there was any uncertainty about whether I had made a determination on Defendant's motions to dismiss.

The fourteen-day deadline for motions for reconsideration "is not merely a procedural quirk, it serves to protect the integrity of proceedings before the Court by ensuring some measure of finality." *United States v. Reichberg*, No. 1:16-cr-468-GHW, 2018 WL 6599465, at *9 (S.D.N.Y. Dec. 14, 2018) (internal quotation marks omitted). Accordingly, courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Beckles v. City of New York*, No. 08 Civ. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010); *see also, e.g.*, *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, No. 01 Civ. 654(RCC), 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) (collecting cases). Accordingly, it would be well within my discretion to deny the IPPs' motion as untimely.

In the alternative, the IPPs request a retroactive extension of the Local Rule 6.3 deadline, arguing that their failure to meet the deadline was based on their reasonable confusion and not on their negligence in failing to consult Local Rule 6.3.[1] (*See* IPPs' Ltr. 2.)[2]

Neither party has identified a case where the Second Circuit has squarely addressed the specific factual circumstances and issues presented here. However, I need not reach the issue of when my determination of Defendant's motions to dismiss was made for purposes of triggering Local Rule 6.3's fourteen-day deadline, nor need I consider whether a retroactive extension is appropriate, because, as explained below, the IPPs' motion fails on its merits.

---

[1] I note that the IPPs submitted a declaration with their motion for reconsideration, (Doc. 583), even though Local Rule 6.3 states that "[n]o affidavits shall be filed by any party unless directed by the Court."

[2] "IPPs' Ltr." refers to the letter submitted by Robert N. Kaplan on behalf of the IPPs, dated April 30, 2019. (Doc. 592.)

**B.** *Merits*

The IPPs request that I reconsider my decision to dismiss their state antitrust claims under the laws of New York, Michigan, and New Hampshire. (IPPs' Mem. 1.)[3] In support of their request, the IPPs rely on a single district court decision in this district, as well as district court decisions from the Northern District of New York, the District of Massachusetts, the Southern District of California, and the Northern District of California. (*Id.* at 3.) As an initial matter, although each of these decisions was entered after oral argument was held, they were all filed between 2015 and 2017, long before: (1) I sent the O&O to the parties; and (2) the O&O was filed on the public docket. The IPPs were well aware of the opportunity to submit letters of supplemental authority after oral argument, and indeed several parties, including the IPPs, did submit such letters. (*See, e.g.*, Doc. 282.) The IPPs make no attempt in their motion to explain their failure to bring the authority cited in their memorandum to my attention before I sent the parties the O&O and before its filing on the public docket.

Moreover—and perhaps explaining why the IPPs had not brought the authority cited in their memorandum to my attention after oral argument—none of the opinions identified by the IPPs is a "controlling decision[] . . . that [I] overlooked." *Shrader*, 70 F.3d at 257. As I explained in my O&O:

> The role of a federal district court adjudicating a state law claim is to determine the content of state law and apply it appropriately. To do so, the court "look[s] to the state's decisional law, as well as to its constitution and statutes." *Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 297 (2d Cir. 2000). When the content of state law is unsettled, the court "is obligated to 'carefully predict how the state's highest court would resolve the uncertainty or ambiguity.'" *Id.* (alterations omitted) (quoting *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994)). The court must give the "fullest weight" to the pronouncements of the state's highest court while giving "proper regard" to the rulings of the state's lower courts.

---

[3] "IPPs' Mem." refers to the Memorandum of Law in Support of Indirect Purchaser Plaintiffs' Motion for Reconsideration, In Part, of the Court's Order Dated April 3, 2019, dated April 24, 2019. (Doc. 584.)

>    *Id.* (internal quotation marks omitted).

(O&O 82.)[4]  Accordingly, in the O&O I focused my inquiry on state court decisions, and the IPPs have not asserted that I did so in error.  The IPPs do not identify any decision of a New York, Michigan, or New Hampshire state court that might alter my analysis.  Other federal district courts engaging in a similar inquiry may have come to different conclusions, but those decisions are not "controlling law" and therefore cannot be the basis for a motion for reconsideration.  *See In re Beacon Assocs.*, 818 F. Supp. 2d at 701.

IV.   **Conclusion**

For the reasons stated herein, the IPPs' motion for reconsideration is DENIED.  The Clerk of Court is directed to terminate the open motion at Document 582.

SO ORDERED.

Dated:      June 25, 2019
            New York, New York

Vernon S. Broderick
United States District Judge

---

[4] "O&O" refers to my Opinion & Order on Defendant's motions to dismiss.  (Docs. 567, 581.)