USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
IN RE: KEURIG GREEN MOUNTAIN : 14-md-2542 (VSB)
SINGLE-SERVE COFFEE ANTITRUST :
LITIGATION : **ORDER**
:
*This Document Concerns All Related Actions* :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

As previously ordered, there is a final fairness hearing scheduled for June 4, 2021 over videoconference regarding the proposed settlement between Defendant and the Indirect Purchaser Plaintiffs ("IPPs"). (Doc. 1329.) The Florida and Illinois Attorneys General (the "Intervenors") have objected to the proposed plan of allocation, (Doc. 1325-1), and the IPPs have responded to that objection, (Doc. 1339).

I have listed below a series of questions that I would like the IPPs and the Intervenors to review and prepare for, as I intend to ask the relevant parties about them at the June 4, 2021 hearing.

### Questions for the IPPs and the Intervenors

1. Was Judge Joseph Farnan (ret.) used in the typical way that mediators are used in disputes? Are mediators usually asked to resolve issues of allocation based upon rights provided by state laws?
2. In resolving the current dispute, do I have the authority to alter the allocation or is my authority limited to making a determination concerning whether or not the settlement is reasonable?

### Questions for the IPPs

1. Why did the IPPs fail to retain counsel for Florida and Illinois consumers?
    a. Did the IPPs consider and reject getting counsel for Florida and Illinois consumers?
    b. Is it correct that separate counsel was not used for any individual states?
2. Was this issue—regarding the circumstances facing Florida and Illinois consumers— raised with, or raised by, Settlement Class Counsel or the Special Master?

3. What was the matrix provided to Judge Farnan? How, if at all, did that matrix treat consumers from Florida and Illinois?
4. Are all the states dismissed in my April 22, 2019 Opinion & Order ("April 22 O&O"), *see In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187 (S.D.N.Y. 2019), included in the proposed settlement?
    a. If not, which states are not getting any recovery under the proposed settlement? Why aren't these states getting any recovery?
    b. Was the issue of including states dismissed in my April 22 O&O presented to or considered by Judge Farnan?

**Questions for the Intervenors**

1. When in your view is additional/separate counsel required to represent certain class members? By your logic, should other states be objecting for lack of adequate representation for their consumers here?
2. Is separate counsel required when members of a class action are subject to different allocations? What are the cases that hold that separate counsel is required in such instances?
3. <u>For the Illinois Attorney General</u>: Do you agree that the Illinois Antitrust Act limits class actions by indirect purchasers? *See* 740 Ill. Comp. Stat.§ 10/7(2) ("Provided further that no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae as provided in this subsection."). Do you agree that indirect purchasers are barred in Illinois state court from asserting claims under the Illinois Antitrust Act as a class action?
4. <u>For the Illinois Attorney General</u>: Do you agree that courts have held that § 10/7(2) may or may not apply in federal cases depending on whether it is "procedural in the ordinary use of the term but is intertwined with state right or remedy that it functions to define the scope of the state-created right."? *Shady Grove v. Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 423 (2010).
5. <u>For the Florida Attorney General</u>: Do you agree that under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.211(2), an indirect purchaser's recovery is limited to "actual damages, plus attorney's fees and court costs"? If so, why isn't this a reasonable basis for the allocation to Florida consumers? Why should reference to other states matter if the damages of Florida's consumers would definitively be limited? Can you point to any other state that is part of this litigation with a recovery limitation like Florida's where a consumer's recovery is going to be greater than a Florida consumer's recovery under the plan of allocation? Can you identify a case where a court faced with an analogous situation found a settlement to be unreasonable? If so, what was the remedy fashioned by that court?
6. <u>For the Florida Attorney General</u>: Do you believe that my April 22 O&O, *see In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, correctly dismissed Michigan, Nevada, New Hampshire, New Mexico, New York and South Dakota? Do you agree that these states' statutes do not limit damages to actual

damages?  Are there any courts that have altered a settlement's allocation because it had dismissed certain states but plaintiffs included the dismissed plaintiff-states in a settlement?
7. <u>For the Florida Attorney General</u>:  Do you agree that the Missouri Merchandising Practice Act permits recovery of punitive damages?  The FDUTPA does not permit recovery of punitive damages, correct?  If so, why doesn't the recovery of punitive damages make pointing to Missouri less compelling as a reason for me to find that the settlement is not reasonable and/or to alter the allocation?

SO ORDERED.

Dated: June 1, 2021
     New York, New York

Vernon S. Broderick
United States District Judge