UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Relates to the Indirect Purchaser Actions* | 14-md-02542 (VSB)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 6/7/2021 |

**ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

VERNON S. BRODERICK, United States District Judge:

The Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Service Awards came before me on June 4, 2021. (Docs. 1321–23.) Having considered the Settlement Agreement (Doc. 1114-1.); the motion for attorneys' fees and the supporting declarations and memorandum of law; the arguments of counsel; and good cause appearing, it is hereby ORDERED:

1. For purposes of this Order, I adopt the terms and definitions set forth in the Settlement Agreement, unless otherwise specifically defined herein.

2. I have jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class.

3. Notice of the Fee and Expense Application was provided to potential class members in a reasonable manner, and such Notice complies with Rule 23(h)(l) of the Federal Rules of Civil Procedure and due process requirements. The Notice mailed to all potential class members stated that Settlement Class Counsel[1] could seek attorneys' fees of up to 33 1/3% of the Settlement Fund, and further directed class members to a website on which the full motion for attorneys' fees was accessible as of January 8, 2021. Settlement Class members were given the opportunity to object to the Fee and Expense Application in compliance with Rule 23(h)(2) and no objections to the fee and expense provision of the Settlement Agreements or Fee and Expense Application were made.

4. I hereby award $10,333,333.33 in attorneys' fees (33 1/3% of the total Settlement Fund) to IPP Counsel[2]. The Court finds IPP Counsel's lodestar, based on their current hourly

---

[1] As used herein and as appointed by the Court (Doc. 36), "Settlement Class Counsel" collectively refers to Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), Pearson Simon & Warshaw LLP ("PSW"), and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"). (*See also* Doc. 1216.)

[2] IPP Counsel" collectively refers to Arthur N. Bailey & Associates/Rupp, Bartko Zankel Bunzel & Miller, Bozeman Law Firm, Gainey McKenna, Hart McLaughlin & Eldridge, Isquith Law Firm PLLC, Kaplan Fox, Lynn, Lynn, Blackman & Manitsky, P.C., Oliver Law Group, PSW, Polsinelli, PC, Preti Flaherty, Pritzker Levine LLP, Segal McCambridge Singer & Mahoney, Ltd,

rates, is $21,148,380.85. This award represents a negative multiplier of 0.49. Having reviewed Settlement Class Counsel's application, I find the requested amount of attorneys' fees to be fair, reasonable and appropriate pursuant to *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and other applicable case law. I note that I analyzed each *Goldberger* factor in detail at the June 4, 2021 fairness hearing, and I incorporate those findings by reference.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, I have considered and found that:

    a. The Settlement Agreement has created a Settlement Fund of $31,000,000 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

    b. Settlement Class Members who submit acceptable proof of claim forms will benefit from the Settlement Agreements because of the efforts of Settlement Class Counsel and Class Representative Plaintiffs;

    c. The fee sought by Settlement Class Counsel is fair and reasonable;

    d. Settlement Class Counsel have prosecuted the Action with skill, perseverance, and diligence, as reflected by the substantial Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class;

    e. The Action involved complex factual and legal issues that were extensively researched and developed by Settlement Class Counsel, and vigorously disputed in briefing, discovery, and mediation for over seven years;

    f. Had the Settlement Agreement not been achieved, a significant risk existed that Plaintiffs and class members may have recovered significantly less or nothing from Keurig;

    g. Public policy considerations support the requested fees; and

    h. The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of the Action.

---

Thrash Law Firm, P.A., Zoll Kranz & Borgess LLC, Zwerling Schachter & Zwerling, and Wolf Haldenstein.

6. Settlement Class Counsel shall allocate the awarded attorneys' fees and expenses among IPP Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

7. The Court also finds that IPP Counsel have incurred $2,298,015.93 million in litigation costs. All of these costs were reasonably incurred in the ordinary course of prosecuting this case and necessary given the complex nature and scope of the case. The Court finds that IPP Counsel are entitled to be reimbursed for these costs. I incorporate by reference the findings regarding these litigation costs that I made at the June 4, 2021 fairness hearing.

8. The Court further approves IPPs' request for payment of $451,286.43 and any additional amounts actually incurred up to a combined total amount of $911,286.43, in settlement notice and administration costs payable to JND Legal Administration. If the settlement notice and administration costs payable to JND Legal Administration are to exceed $911,286.43, IPPs shall promptly seek Court authorization and approval of any such additional amount. I incorporate by reference the findings regarding costs incurred by JND Legal Administration that I made at the June 4, 2021 fairness hearing.

9. The Court further approves an incentive award of $3,000 for each of the eleven Class Representative Plaintiffs who had their depositions taken, and $1,500 for the remaining twenty Class Representative Plaintiffs[3] (a total of $63,000). This incentive award is justified by: (1) the risks Class Representative Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this case by Class Representative Plaintiffs; and (3) the benefits Class Representative Plaintiffs helped obtain for the Class Members under

---

[3] The 31 IPPs appointed as class representatives, (*see* Doc. 1216), are Wasif Bala, Yelda Mesbah Bartlett, Lavinia Simona Biasell, Linda Bouchard, Bouchard & Sons Garage, Inc., Luke Cuddy, Jonna Dugan, Erin Dunbar, Larry Gallant, Denise Gilmore, Patricia Hall, Jennifer Harrison, Teena Marie Johnson, Lori Jo Kirkhart, Kori Lodi, Vivid Hair Studio LLC, Wauneta Dibbern, John Lohin, Angus Macdonald, Edgar Medina, Jennifer Mileikowsky, Brier Miller Minor, David W. Nation, Patricia J. Nelson, Julie Rainwater, Betty Ramey, Lauren Jill Schneider, Shirley Anne Schroeder, Jason and Amy Stratman, and Toni Williams (collectively referred to as "Class Representative Plaintiffs")

the Settlement Agreement.  I incorporate by reference the findings regarding service fees that I made at the June 4, 2021 fairness hearing.

        10.    The attorneys' fees, costs, and incentive awards set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

SO ORDERED.

Dated: June 7, 2021
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge